IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DUKES,

      Petitioner,                      No. CIV S-09-1348 GGH P

vs.

D. MILLER, et al.,

      Respondents.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Petitioner alleges that he is improperly being held in administrative segregation at Salinas Valley State Prison. As relief, plaintiff seeks an order directing prison officials to release him from administrative segregation.

        The purpose of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is to challenge the validity of a conviction or sentence. The purpose of a civil rights action brought pursuant to 42 U.S.C. § 1983 is to challenge the conditions of confinement. Because petitioner is challenging the conditions of his confinement, the court construes this action as a civil rights action pursuant to 42 U.S.C. § 1983. See Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003).

1       The federal venue statute requires that a civil action, other than one based on
2 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
3 defendants reside in the same State, (2) a judicial district in which a substantial part of the events
4 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
5 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
6 no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

7       In this case, none of the apparent defendants reside in this district. The claim
8 arose in Monterey County, which is in the Northern District of California. Therefore, plaintiff's
9 claim should have been filed in the United States District Court for the Northern District of
10 California. In the interest of justice, a federal court may transfer a complaint filed in the wrong
11 district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932
12 (D.C. Cir. 1974).

13       Even if habeas corpus were the proper vehicle for assessing plaintiff's allegations,
14 neither the district of confinement (N D. Cal.), nor the place of the "conviction" for purposes of
15 this action, the event which placed him in administrative segregation, would warrant
16 maintenance of the action in the Eastern District.

17       Accordingly, IT IS HEREBY ORDERED that:
18       1. This court has not ruled on plaintiff's request to proceed in forma pauperis; and
19       2. This matter is transferred to the United States District Court for the Northern
20 District of California.
21 DATED: June 9, 2009

22                                        /s/ Gregory G. Hollows
23
24                                        UNITED STATES MAGISTRATE JUDGE

25 du1348.tra
26